# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA

## CASE NO. 07-20865-CR-COOKE/BROWN

UNITED STATES OF AMERICA,

      Plaintiff,

vs.

JAMES ARTHUR BROWN,

      Defendant.

_____/

## ORDER DENYING MOTION TO SEVER

**THIS CAUSE** is before the Court on Defendant James Arthur Brown's Motion to Sever

Counts I and II (DE 13). The Court has considered the Motion and the Response.

### Facts

Defendant objects to the joinder of two counts, each charging violation of 18 U.S.C. §

922(g)(1) (felon in possession of a firearm). The alleged offenses occurred on September 11, 2007

and October 23, 2007, respectively.

In the first offense, Defendant, a convicted felon, allegedly was observed throwing a .40

caliber semi-automatic pistol from a Pontiac G6 vehicle. Defendant was charged by the State of

Florida and made bond but did not appear at his required court appearances.

In the second offense, Defendant was allegedly stopped by police while driving a Dodge

300 vehicle which had a license plate that was registered to another vehicle. Defendant initially

gave a false name and date of birth, and a subsequent fingerprint check revealed the identity of the

Defendant. A .40 caliber semi-automatic pistol was found in that vehicle.

## Discussion

Defendant moves to sever these two counts, arguing that they have been improperly joined, and alternatively that their joinder will result in prejudice which requires a severance.

The Court initially finds that the counts are properly joined under Fed.R.Crim.P. 8(a), because they "are of the same or similar character." See United States v. Hersh, 297 F.3d 1233, 1241 (11th Cir. 2002) (noting that "the offenses need only be similar in category, *not* in evidence.") (emphasis in original); United States v. Lindsey, 782 F.2d 116 (8th Cir. 1986) (finding two felon in possession counts properly joined, noting that offenses were based on the same felony). The counts also arguably "[are] connected with or constitute parts of a common scheme or plan," in that the Government claims that Defendant's use of the false identity and new car in the second incident was based on his desire to avoid prosecution for the first arrest.

The Court additionally finds that Defendant has failed to show the "compelling prejudice" required to justify a severance of these counts under Fed.R.Crim.P. 14. With respect to Defendant's argument that the jury will be unable to "compartmentalize the evidence," the facts surrounding two incidents will be relatively simple for a jury to understand, and a curative instruction will be sufficient to cure any confusion. Moreover, as the Government notes, much of the evidence regarding both offenses would be admissible even if separate trials were held. Although Fed.R.Evid. 404(b) prohibits admission of evidence of "other crimes, wrongs or acts," to prove character, such evidence may be admissible as proof of other issues, such as motive and knowledge. Therefore, the evidence regarding Defendant's possession of the firearm charged in Count 1 would be admissible in the trial of Count 2 to show that Defendant knowingly possessed the firearm charged in Count 2 and vice versa. See, e.g., United States v. Gonzalez, 183 F.3d

1315, 1328 (11th Cir. 1999), <u>overruled on other grounds, United States v Diaz</u>, 248 F.3d 1065, 1107 n. 59 (11th Cir. 2001).

Additionally, evidence is not considered extrinsic for purposes of Rule 404(b) where it is "(1) an uncharged offense which arose out of the same transaction or series of transactions as the charged offense, (2) necessary to complete the story of the crime, or (3) inextricably intertwined with the evidence regarding the charged offense." <u>United States v. Edouard</u>, 485 F.3d 1324, 1344 (11th Cir. 2007) (quoting <u>United States v. Baker</u>, 432 F.3d 1189, 1205 n. 9 (11th Cir. 2005)). As noted above, to the extent that the Government claims that Defendant's use of the false identity and new car in the second incident was based on his desire to avoid prosecution for the first arrest, that evidence maybe inextricably intertwined and/or necessary to complete the story of the crime.

Defendant additionally argues that he will be prejudiced in the absence of a severance because he "desires to testify as to the second incident in which he was driving ... a borrowed vehicle and was unaware of the presence of the firearm," (Mot. p. 5) and he will be unable to do so without being forced also to waive his fifth amendment privilege as to the first arrest. The Eleventh Circuit has stated:

> Severance is not mandatory simply because a defendant indicates that he wishes to testify on some counts but not on others. [citation omitted]. Rather, to establish that the joinder of charges kept him from testifying, [Defendant] must show that the charges were distinct in time, place, and evidence, that there was "important" evidence that he might have offered on one set of charges but could not, and that he had a "strong need" not to testify on the other counts.

<u>Hersh</u>, 297 F.3d at 1243 n. 15 (quoting <u>United States v. Gardiner</u>, 955 F.2d 1492, 1497 (11th Cir. 1992)); <u>see also United States v. Corbin</u>, 734 F.2d 643, 648 (11th Cir. 1984) (finding severance properly denied where defendants did not indicate what they would have testified to and therefore the court could not determine whether the denied testimony "had any value.")

3

Here, the Defendant conclusorily states that he "desires to testify as to the second incident in which he was driving ... a borrowed vehicle and was unaware of the presence of the firearm," and that he will be unable to do so without waiving his fifth amendment privilege as to the first episode. The Government responds that Defendant "can and more than likely will, attempt to prove these facts through cross-examination of government witnesses, simply by pointing out that the car was not registered to him, rather than by exposing himself to impeachment with his prior robbery convictions under Fed.R.Evid. 609." Resp. p. 14. Thus, it appears that the Government is not contesting that Defendant did not own the vehicle. Furthermore, the Government argues that the value of this testimony is diminished because if Defendant does testify that he borrowed the car in the second incident, the Government will impeach him with evidence that the reason he borrowed the car and used an assumed name was because he was avoiding prosecution for the first incident. Finally, the Government notes that Defendant has failed to factually support any "strong need" not to testify as to the first incident, in that he "more than likely will deny that he threw the gun during the first incident." Id.

The Court finds that Defendant has failed to show the compelling prejudice required for a severance of properly joined counts, and accordingly, it is hereby **ORDERED AND ADJUDGED** that Defendant James Arthur Brown's Motion to Sever Counts I and II is hereby **DENIED**.

**DONE AND ORDERED** in Chambers at Miami, Florida, this _11_ day of February, 2008.

STEPHEN T. BROWN
UNITED STATES MAGISTRATE JUDGE

Copies provided to:
Honorable Marcia G. Cooke
Counsel of record